UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| STEVEN M. HOMICK, | ) | |
| Petitioner, | ) | 3:99-cv-0299-PMP-WGC |
| vs. | ) | |
| | ) | **ORDER** |
| RENEE BAKER, *et al.*, | ) | |
| Respondents. | ) | |

This is a capital habeas corpus action brought by Steven M. Homick. Before the court is a motion by the respondents requesting that the court "require Homick to comply with Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts, LSR 3-1, and the order of this Court and require that Homick specify with particularity how each and every claim presented in his amended petition was allegedly exhausted." Motion for Compliance (ECF No. 292), p. 16. "Furthermore, Respondents request this Court to require Homick to file a petition setting forth only one constitutional claim per ground." *Id*. The court will deny respondents' motion and will set a schedule for respondents to answer or otherwise respond to Homick's second amended petition.

Following a jury trial in Nevada's Eighth Judicial District in 1989, Homick was convicted of first-degree murder of three unarmed victims with the use of a deadly weapon, as well as robbery with the use of a deadly weapon and burglary, and he was sentenced to death. Homick then, without success, pursued a direct appeal to the Nevada Supreme Court and three state-court habeas actions.

Homick initiated this federal habeas action on June 3, 1999. The case was stayed on July 10, 2008, to allow Homick to complete his third state-court habeas action, which was then pending. The stay was lifted on November 15, 2011, after the Nevada Supreme Court affirmed the dismissal of Homick's third state-court habeas petition. On January 20, 2012, Homick filed a second amended habeas petition (ECF No. 282).

More than six months later, and after three extensions of time, on August 1, 2012, the respondents responded to Homick's second amended petition with their "Motion for Compliance with Rule 2 of the Rules Governing Section 2254 Cases in the United States District Court, LSR 3-1, and Docket #61" ("motion for compliance") (ECF No. 292). Petitioner filed an opposition to that motion on August 20, 2012 (ECF No. 293). Respondents replied on September 13, 2012 (ECF No. 296).

In the motion for compliance, respondents assert, first, that Homick has not, in his second amended petition, provided sufficient detail regarding his exhaustion of claims in state court, and, second, that Homick has improperly included multiple discrete claims within each numbered claim in his second amended petition.

Taking the second of respondents' arguments first, respondents cite no authority for their position. There is no rule regarding the precise manner in which claims must be organized in a federal habeas petition. Respondents' citation to *McCaskill v. Budge*, 2011 WL 5877546 (2011), in this regard, is not compelling. In that case, the court noted that the organization of the claims in the habeas petition was especially confusing, rendering unclear what claims the petitioner meant to assert. *See McCaskill*, at *2-3 ("It is exceedingly difficult to ascertain from the present pleading in all instances whether petitioner is seeking to present an additional claim for relief or instead is referring to a constitutional issue in passing as background to another claim."). The court in *McCaskill*, therefore, directed the petitioner to better organize his claims in an amended petition; the amended petition was to present "separate constitutional grounds in separate grounds or subparts...." *Id*. at *4. Plainly, however, the direction from the court in *McCaskill* was not based upon any

1  generally-applicable rule regarding pleading in habeas cases.  In this case, a review of Homick's
2  second amended petition reveals that it is reasonably ascertainable what claims Homick intends to
3  assert, and it appears that the parties will be reasonably able to identify those separate claims in the
4  course of their further litigation of this action.  The court will not exercise its discretion to require
5  Homick to further amend his petition in order to reorganize his claims.

6  With respect to the respondents' other argument, the court finds that Homick has – at least in
7  his opposition to respondents' motion – provided sufficient detail regarding his position with respect
8  to his exhaustion of his claims in state court.

9  Under the court's local rules, a petition for writ of habeas corpus filed by an attorney on
10 behalf of a petitioner "shall be on the form supplied by the Court or shall contain all of the
11 information required in the model form for use in applications for habeas corpus under 28 U.S.C.
12 § 22545 in the Appendix of Forms to the Rules Governing Section 2254 Cases in the United States
13 District Courts." LSR 3-1.  In this case, Homick's second amended petition was filed by counsel,
14 and it is not on the court-provided form; therefore, under LSR 3-1, the second amended petition is to
15 contain the information required in the model form in the appendix following the Rules Governing
16 Section 2254 Cases in the United States District Courts ("model form").  The model form calls for
17 specific information regarding the exhaustion of each claim in state court.  *See*, *e.g.*, Form Petition,
18 Ground One, items c, d, and e.  The court has reiterated this requirement in this case, in the
19 scheduling order entered March 18, 2003 (ECF No. 61) ("The amended petition shall specifically
20 state how, when, and where each ground for relief was exhausted in the state courts."), and also in
21 the scheduling order now in effect, which was entered November 30, 2011 (ECF No. 281) ('The
22 second amended petition shall specifically state whether each ground for relief has been exhausted in
23 state court; for each claim that has been exhausted in state court, the second amended petition shall
24 state how, when, and where that occurred.").

25 In his second amended petition, Homick provided some general information regarding his
26 exhaustion of claims in state court.  *See* Second Amended Petition (ECF No. 282), pp. 5-6.  That

statement, in the second amended petition, does not provide specifics as to the exhaustion of each of Homick's claims, and is too general to meet the requirements of LSR 3-1, the Form Petition, and the court's scheduling orders. However, in response to respondents' motion for compliance, Homick has now provided detailed information, as to each of his claims, regarding where, when, and how he has exhausted the claim in state court. *See* Opposition to Motion for Compliance (ECF No. 293), pp. 5-10. In light of the information provided by Homick in response to respondents' motion, the court finds that Homick has sufficiently complied with the requirement that he set forth specific information regarding his exhaustion of his claims in state court.

**IT IS THEREFORE ORDERED** that respondents' Motion for Compliance with Rule 2 of the Rules Governing Section 2254 Cases in the United States District Court, LSR 3-1, and Docket #61 (ECF No. 292) is **DENIED**.

**IT IS FURTHER ORDERED** that respondents shall have **45 days** from the date of entry of this order to file and serve an answer or other response to petitioner's second amended petition.

**IT IS FURTHER ORDERED** that, in all other respects, the schedule for further proceedings set forth in the order entered November 30, 2011 (ECF No. 281) shall remain in effect.

Dated this _25th_ day of October, 2012.

_____
UNITED STATES DISTRICT JUDGE