UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| STEVEN M. HOMICK, | ) | |
| Petitioner, | ) | 3:99-cv-0299-PMP-WGC |
| vs. | ) | |
| | ) | **ORDER** |
| RENEE BAKER, *et al.*, | ) | |
| Respondents. | ) | |

In this capital habeas corpus action, on September 20, 2013, the petitioner, Steven M. Homick, filed a response to respondents' motion to dismiss (ECF Nos. 350, 351). A redacted version and several exhibits were filed normally (ECF No. 350); an unredacted response and other exhibits were filed under seal, with leave of court (ECF No. 351). *See* Order entered September 25, 2013 (ECF No. 349). Homick served a copy of the sealed material on respondents' counsel, under the condition that the Attorney General not disclose the contents of that material to anyone outside the Attorney General's Office or in any public filing.

Respondents' reply in support of the motion to dismiss is due on January 10, 2014. *See* Minute Order entered November 27, 2013 (ECF No. 362).

On November 7, 2013, as directed by the court in the order entered September 25, 2013, the respondents filed a response regarding the sealed material and the restrictions placed upon respondents with respect to their handling of it (ECF No. 357) ("Respondents' Response Concerning

Sealed Material"). Homick filed a reply to that response on November 25, 2013 (ECF No. 360) ("Homick's Reply Concerning Sealed Material").

Respondents argue that "inasmuch as Homick has offered these items in support of his opposition to Respondents' motion to dismiss, there is no reason for those items to remain sealed because Homick has waived any confidentiality he may have had with respect to any of the items." Respondents' Response Concerning Sealed Material (ECF No. 357), pp. 2-3. Homick provides no analysis or support for this waiver argument. Homick served the subject material on respondents' counsel only after a protective order was in place. The court finds respondents' waiver argument to be wholly without merit.

The material filed under seal by Homick consists of material in the electronic record for this case maintained under seal pursuant to 18 U.S.C. § 3599 – it is material related to the budgeting of Homick's former appointed counsel. Respondents argue further:

> ... Respondents need to ascertain whether there are other sealed orders in this action that might bear upon the issues and/or which might serve to allow Respondents to make arguments countering Homick's. Therefore, Respondents request that they be provided with each and every order so that Respondents can have a complete picture of Homick's ex parte relations and communications with this Court because those relations and orders have now been asserted as a basis to deny Respondents' motion to dismiss.

Respondents' Response Concerning Sealed Material, p. 3.

In his Exhibit 2 to his Reply Concerning Sealed Material ("Exhibit 2"), Homick identifies the sealed material in the record of this case that was not filed under seal with his opposition to the motion to dismiss. *See* Homick's Reply Concerning Sealed Material, pp. 4-5; *see also* Exhibit 2 to Homick's Reply Concerning Sealed Material. Homick proposes that the court should order those materials disclosed to respondents under the terms of the protective order governing the material that Homick filed under seal with his opposition to the motion to dismiss. *See* Homick's Reply Concerning Sealed Material, pp. 4-5. The court finds this to be a workable solution, maintaining the statutorily mandated confidentiality of this material, while allowing respondents to determine whether anything in the remainder of the *ex parte* budgeting proceedings is relevant to the

1  arguments concerning the motion to dismiss.  The court, therefore, will allow Homick to serve the
2  material listed in Exhibit 2 upon respondents' counsel, subject to the restrictions set forth in the
3  order entered September 25, 2013 (ECF No. 349).
4        Two of the items listed in Exhibit 2 are transcripts of *ex parte* hearings that have not yet been
5  transcribed.  The court will direct Homick's counsel to order and pay for production of those
6  transcripts, and provide copies of those transcripts to respondents' counsel, subject to the protective
7  order, after receipt of them.
8        **IT IS THEREFORE ORDERED** that petitioner shall serve upon respondents' counsel
9  copies of the material listed in Exhibit 2 to Homick's Reply Concerning Sealed Material (ECF No.
10 360-2).  Counsel for respondents, the Attorney General, shall not disclose the contents of any of that
11 material to anyone outside the Attorney General's Office or in any public filing pending further
12 order of this court.  With respect to such material other that the transcripts of the *ex parte* hearings
13 held on July 26, 2002, and November 19, 2004, such service shall be completed within 5 days after
14 the entry of this order.  With respect to the transcripts of the *ex parte* hearings held on July 26, 2002,
15 and November 19, 2004, such service shall be completed within 5 days after Homick's counsel
16 receives those transcripts.
17       **IT IS FURTHER ORDERED** that, if respondents deem it necessary to seek modification of
18 the protective order put in place by this order and the order entered September 25, 2013, counsel for
19 respondents shall consult with Homick's counsel to determine whether the matter can be settled by
20 agreement of the parties and/or stipulation.  If the parties are unable to come to agreement,
21 respondents may file a motion seeking modification of the protective order.
22 ///
23 ///
24 ///
25 ///
26 ///

1       **IT IS FURTHER ORDERED** that petitioner's counsel shall order and pay for production of transcripts of the *ex parte* hearings held on July 26, 2002, and November 19, 2004. The Clerk of the Court shall file those transcripts under seal, and shall provide copies of them only to petitioner's counsel (Michael Pescetta, of the Office of the Federal Public Defender).

      Dated this 2nd day of December, 2013.

                                               UNITED STATES DISTRICT JUDGE